HEATHER E. WILLIAMS, #122664
Federal Defender
RACHELLE BARBOUR, #185395
Assistant Federal Defender
EMILY DENNIS
Law Clerk
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710
rachelle.barbour@fd.org

Attorney for Defendant
JOSE ENOIS MANZO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:18-CR-0155 WBS _____ |
| | ) | |
| Plaintiff, | ) | UNOPPOSED MOTION FOR EARLY |
| | ) | TERMINATION OF SUPERVISED RELEASE; |
| v. | ) | [proposed] ORDER |
| | ) | |
| JOSE ENOIS MANZO, | ) | |
| | ) | Judge: Hon. William B. Shubb |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**INTRODUCTION**

Mr. Manzo hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 24-month term of supervision began on May 29, 2020 and is scheduled to be completed on May 29, 2022.  Mr. Manzo has completed over 20 months of his supervisory term.  He requests early termination so that he may be available to visit his ailing father in Mexico.

Mr. Manzo is being supervised in the Eastern District of California, where he lives with his oldest child.  Prior to filing this petition, defense counsel provided it to the supervising probation officer and the government.  His Probation Officer, Erica Tatum, fully supports this petition and has confirmed that Mr. Manzo is gainfully employed and there have been no noncompliance issues while he has been under supervision.  For the Government, AUSA Justin

Lee has also reviewed the motion and has authorized the undersigned to notify the Court that he has no opposition. No hearing is requested for this unopposed petition.

**APPLICABLE LAW**

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

The "expansive phras[ing]" of section 3583(e)(1) provides the district court with "discretion to consider a wide range of circumstances" in deciding whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit has made it clear that early termination does not require "exceptional or extraordinary circumstances" or "exceptionally good behavior," *United States v. Ponce*, __ F.4th __, No. 21-30009, 2022 WL 98133, at *2-3 (9th Cir. Jan 11, 2022), nor does it require a showing of undue hardship. *Emmett*, 749 F.3d at 819.

Section 3583(e)(1) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). The Judicial Conference has identified the following criteria for Probation Officers to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. Stable community reintegration (e.g. residence, family, employment);
> 2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
> 5. No recent arrests or convictions (including unresolved pending charges), or

ongoing, uninterrupted patterns of criminal conduct;
6. No recent evidence of alcohol or drug abuse;
7. No recent psychiatric episodes;
8. No identifiable risk to the safety of any identifiable victim; and
9. No identifiable risk to public safety based on the Risk Prediction Index (RPI)

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

Furthermore, pursuant to the Guide on Judiciary Policy, there is a presumption in favor of recommending early termination for supervisees after the first eighteen months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(e)(1)(A)-(C), "Early Termination" (Monograph 109) (rev'd 2010).

Finally, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

## I.   MR. MANZO SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Manzo satisfies all factors set forth for early termination and qualifies for the presumption in favor of early termination set forth in the Guide to Judiciary Policy and outlined above. As of February 2022, he has completed twenty months of his twenty-four-month term of

supervision and does not require programming or treatment.  Mr. Manzo emails his proof of employment every month to his Probation Officer, Erica Tatum, but requires no other services. He has paid his special assessment in full.  This is Mr. Manzo's first and only offense and he has resumed his pre-confinement commitment to work and his family since his release.

Mr. Manzo seeks early termination because his father, Mr. Antonio Manzo Vazquez, is very ill. Per the attached doctor's note, Mr. Vazquez is in the care of the Cardiology Center in Tepic, Nayarit. He "suffers from angina pectoris and is predisposed to suffer a heart attack." Exhibit 1 (English translation). Mr. Manzo reasonably fears that, should his father's health take a turn for the worse before May 2022, the restrictions imposed by his term of supervision will prevent him from quickly traveling to be by his side.  Early termination would ensure that he is able to return home and be with his aging parents in their time of need, preserving the commitment to family that has defined much of Mr. Manzo's life.  While the Court should consider the prospective undue hardship of being unable to visit his ailing father in making its decision, even absent that hardship, Mr. Manzo's dedicated reintegration into civil life is sufficient for early termination.  *See Emmett*, 749 F.3d at 819 (finding that undue hardship is not "categorically require[d]" for early termination).

Mr. Manzo pled guilty to a violation of Title 21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to Manufacture at Least 100 Marijuana Plants.  At the time of the offense, Mr. Manzo believed he was in compliance with California law governing marijuana cultivation.  *See* Sentencing Memorandum, docket no. 33 at p. 5. Nevertheless, Mr. Manzo immediately accepted responsibility for his offense upon arrest and expressed regret that he violated the law. *See* PSR at p. 5. On September 16, 2019, he was sentenced to six months in custody, which he served without incident, and twenty-four months of supervised release.  He was ordered to pay a special assessment of $100, which he has paid in full. Mr. Manzo has complied with all requirements of his supervision: he has never missed a drug test; all of his tests have come back clean; and he completed six months of location monitoring without incident. Mr. Manzo has established a positive relationship with his Probation Officer Erica Tatum.

1       After his release, Mr. Manzo resumed his pre-custody position as a fieldworker at Crain

2 Orchards of Los Molinos, where he had worked since 2009.  Crain Orchards remained

3 supportive of Mr. Manzo through his conviction, sending in a letter of support before sentencing

4 and committing to rehire him after his release.  *See* PSR at p. 8.  Mr. Manzo has since

5 transitioned to a new farm, of his own accord and without a break in employment.  Mr. Manzo

6 has worked without interruption since the age of 10, when he first started working on his family

7 farm in Michoacán.  Although he has shown nothing but remorse regarding his offense, it is

8 worth noting that his sole motivation in taking the position was to better provide for his family.

9 *See id.* at 5.  All of Mr. Manzo's character references report that he is a caring and hardworking

10 man.  *See id.* at 7.

11       Since his release, Mr. Manzo has continued to be a loving and attentive father to four

12 children, and a reliable co-parenting partner with his wife, Maria Aguilar, from whom he is

13 separated.  His oldest child, Jose, lives with him in Corning, and he is Jose's sole financial

14 supporter.  His three daughters, Yasmin, Liliana, and Natalia live with Maria in Turlock,

15 although he travels to see them on weekends \and buys them clothing and food.  *See* PSR at p. 7.

16 The girls spend more time with Mr. Manzo over school breaks.  Jose and Natalia submitted

17 letters to Pretrial Services in support of their father.  *See* PSR at p. 7.  Mr. Manzo's devotion to

18 his children, and their joy in his presence, is evidence in the attached photograph from a recent

19 visit.  Exhibit 2

20       While Mr. Manzo is a U.S. citizen, he maintains a deep connection to his home and

21 family in Mexico, including his parents.  While they do not have a reliable internet connection,

22 Mr. Manzo connects with them whenever he can and speaks with them at least once a week by

23 phone.  He also provides financial support.

24       Although Mr. Manzo completed required substance abuse and mental health treatment

25 prior to sentencing, he has never struggled with substance use or abuse.  *See id.* at p. 8.  As stated

26 above, he has never missed a drug test and they have all come back clean.

27       During his term of supervision, Mr. Manzo has fully reintegrated into the life he led prior

28

to his offense as a deeply committed family man and hardworking, valued employee.  He has complied with every requirement of his supervised release to the letter, earning the respect and commendation of his Probation Officer.  Mr. Manzo does not require any further services, programming, or correctional treatment.  In so doing, Mr. Manzo satisfies every factor set forth in 18 U.S.C. 3583(e), as well as the presumption in favor of early termination set forth in the Guide to Judiciary Policy.  Given his outstanding performance on supervised release, his commendable reentry into the community, and the support of his Probation Officer for this motion, Mr. Manzo respectfully requests that his term of supervision be terminated under 18 U.S.C. § 3583(e).  The Government has indicated that it will not oppose. Should the Court feel that a hearing is unnecessary, a proposed order is respectfully attached.

Dated: February 9, 2022

HEATHER E. WILLIAMS
Federal Defender


*/s/ RACHELLE BARBOUR*
RACHELLE BARBOUR
Attorney for Defendant
JOSE ENOIS MANZO

*/s/ EMILY DENNIS*
EMILY DENNIS
Law Clerk

1

**O R D E R**

2

3

Pursuant to 18 U.S.C §3583(e)(1), the Court hereby TERMINATES the term of

4

supervised release imposed in this case and discharges JOSE ENOIS MANZO for the reasons set

5

forth above.

6

Dated:  February 9, 2022

7

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28